# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

   - v. -                          :

                                        :

DORIAN FRUNGILLO,                    :
    a/k/a "Dorian Russo," and
JENNIFER SALABARIETTA-AGUERO,        :
    a/k/a "Jennifer Russo,"          :

          Defendants.            :

                                    :

- - - - - - - - - - - - - - - - x

**INDICTMENT**

12 Cr.

# 12 CRIM 963

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/18/12

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about December 2007 up to and including in or about June 2011, in the Southern District of New York and elsewhere, DORIAN FRUNGILLO, a/k/a "Dorian Russo," and JENNIFER SALABARIETTA-AGUERO, a/k/a "Jennifer Russo," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that DORIAN FRUNGILLO, a/k/a "Dorian Russo," and JENNIFER SALABARIETTA-AGUERO, a/k/a "Jennifer Russo," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.     The controlled substances involved in the offense were (i) Sibutramine, Phentermine, Alprazolam, Diazepam, Lorazepam, Clonazepam, and Zolpidem, Schedule IV controlled substances, in violation of 21 U.S.C. § 841(b)(2), and (ii) Hydrocodone, a Schedule III controlled substance, in violation of 21 U.S.C. § 841(b)(1)(E).

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4.     From at least on or about April 13, 2009, up to and including in or about June 2011, in the Southern District of New York and elsewhere, DORIAN FRUNGILLO, a/k/a "Dorian Russo," and JENNIFER SALABARIETTA-AGUERO, a/k/a "Jennifer Russo," the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

5.     It was a part and an object of the conspiracy that DORIAN FRUNGILLO, a/k/a "Dorian Russo," and JENNIFER SALABARIETTA-AGUERO, a/k/a "Jennifer Russo," the defendants, and others known and unknown, would and did deliver, distribute, and dispense controlled substances by means of the Internet and did aid and abet said activity in a manner not authorized by Subchapter I of Chapter 13 of Title 21, United States Code, in violation of 21 U.S.C. § 841(h)(1)(A)-(B).

6.    It was a further part and an object of the conspiracy that DORIAN FRUNGILLO, a/k/a "Dorian Russo," and JENNIFER SALABARIETTA-AGUERO, a/k/a "Jennifer Russo", the defendants, and others known and unknown, would and did use the Internet, and cause the Internet to be used, to advertise the sale of and to offer to sell, distribute, and dispense, a controlled substance where such sale, distribution, and dispensing was not authorized by Subchapter I of Chapter 13 of Title 21, United States Code and the Controlled Substances Import and Export Act, in violation of Title 21, United States Code, Sections 843(c)(2)(A) and 843(d)(1).

7.    The controlled substances involved in the offense were (i) Sibutramine, Phentermine, Alprazolam, Diazepam, Lorazepam, Clonazepam, and Zolpidem, Schedule IV controlled substances, in violation of 21 U.S.C. § 841(b)(2), and (ii) Hydrocodone, a Schedule III controlled substance, in violation of 21 U.S.C. § 841(b)(1)(E).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION

8.    As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, DORIAN FRUNGILLO, a/k/a "Dorian Russo," and JENNIFER SALABARIETTA-AGUERO, a/k/a "Jennifer Russo," the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting

3

or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the said violations.

9.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 981 and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)

FOREPERSON    12-18-12

PREET BHARARA
United States Attorney

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DORIAN FRUNGILLO,
a/k/a "Dorian Russo," and
JENNIFER SALABARIETTA-AGUERO,
a/k/a "Dorian Russo,"

Defendants.

## INDICTMENT

12 Cr.

(21 U.S.C. §§ 812, 841, 843, 846.)

PREET BHARARA
United States Attorney.

A TRUE BILL

_Foreperson._

12 - 18 12

12/18/12 - Filed Indictment.
dc    Case assigned to Judy Burley

Judy Nathern
U.S.M.J.